UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COREY PANEBIANCO,

                          Plaintiff,

-against-                                  **ORDER**

SELIP & STYLIANOU, LLP,

                                              21-CV-5466(DRH)

                        Defendant.
------------------------------------------------------------------X

       Presently before the Court is plaintiff's motion to remand this matter to state court.[1] For the reasons, set forth below the motion is denied.

       In support of remand, plaintiff's sole argument in support of remand is that defendant has not satisfied its burden of "proving" that the jurisdictional requirements have been met because "the jurisdictional 'facts' alleged by defendant consist merely of the argument that because this is an FDCPA action . . . removal is proper . . . without any jurisdictional facts concerning Article III standing." (*See* DE 8.) Noticeably absent from plaintiff's argument is the assertion that he lacks standing.

       As an initial matter, Plaintiff incorrectly states the Court may "look only to jurisdictional facts alleged in the notice of removal." *Cavazzini v. MRS*

---

[1] By Order dated January 24, 2022, the court gave the parties notice that it would treat the pre-motion conference letter filed in this case as the motion itself and the gave the parties an opportunity to object to that procedure as well as an opportunity to present additional arguments and/or authorities to the Court. Neither party objected to treating the pre-motion conference letters as the motion or took advantage of the opportunity to present additional arguments.

*Assocs. & Crown Asset Mgmt.*, 2021 WL 5770273, at *3 n.5 (E.D.N.Y. Dec. 6, 2021) (rejecting the same argument that a court is "preclude[d] . . . from looking to the complaint in addressing this jurisdictional question," i.e., standing). By investigating subject-matter jurisdiction, the Court is not restricted to the notice of removal – or even the pleadings. *E.g., Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("[I]f subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings.").

Turning then to the issue of standing, the Court's investigation begins with the proposition that "it is well established that the pleading standard for constitutional standing is lower than the standard for a substantive cause of action." *Maddox v. The Bank of New York Mellon Trust Co.*, -- F.4th --. 2021 WL 5347004, at *6 (2d Cir. Nov. 17, 2021).

Here the complaint alleges that in an effort to collect an alleged debt, defendant served plaintiff with a summons and complaint by posting it to plaintiff's apartment door without enclosing in it an envelope or otherwise concealing it. As a result, the complaint was in open view of other residents passing plaintiff's apartment door and was viewed by plaintiff's tenants, causing plaintiff humiliation and grief and violating his right to privacy as well as 15 U.S.C. § 1692c(b) and N.Y. Gen'l Business Law § 349.

Such is sufficient to plead a concrete injury in accordance with the recent Supreme Court case of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and, therefore, the standing requirement for federal jurisdiction. In that case, the Court

once again reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at *8 (quoting *Spokeo Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The Second Circuit recently summarized *TransUnion*'s discussion of what constitutes a concrete harm as follows:

> The [TransUnion Court] explained that whether a harm qualifies as "concrete" hinges on "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American Courts." The Court recognized that physical and monetary harms, along with other traditional tangible harms, readily qualify as concrete, and that certain intangible harms, such as reputational harm, qualify as well.

*Maddox*, 2021 WL 5347004, at *4 (internal citations omitted).

*TransUnion* was a class action in which two violations of the Fair Credit Reporting Act ("FCRA") were alleged. The first claim was that the defendant's failure to use reasonable procedures led to class members being inaccurately listed as "potential match[es]" to the Treasury Department's list of national security threats. The second claim involved the failure to adhere to FCRA formatting requirements in the mailing used to inform class members of the potential match. The matter reached the Supreme Court after a post-trial appeal.

As to the first claim, the Court divided the class members into those whose credit reports were disseminated to a third-party and those whose reports were not disseminated. The Court held that the first group had standing as they "suffered a harm with a 'close relationship'" to the harm associated with the tort of defamation. The second group had suffered no concrete harm, and thus did not have Article III standing, because their files were never published and "publication is 'essential to

liability' in a suit for defamation." The risk of future harm – i.e., that the information would be disseminated in the future – "standing alone, cannot qualify as a concrete harm unless the exposure to the risk of future harm causes a separate concrete harm" and the class members presented no such evidence.

Here, the allegations are analogous to the first group of *TransUnion* plaintiffs in that here the information was allegedly disseminated when the complaint was posted on plaintiff's apartment door without being concealed, resulting in reputational harm. Thus, standing has been plausibly alleged and the motion to remand is denied.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
      February 9, 2022                Denis R. Hurley
                                                      United States District Judge